UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                    :

OMAR MINUS,                                                                         :

                    Plaintiff,                               :           17-CV-4623 (JMF) (DCF)

              -v-                                           :           <u>ORDER</u>

OFFICER BRIAN BENVENUTO, SHIELD NO. 23866;  :
and OFFICER JOSEPH TENNARIELLO, SHIELD NO.  :
12821,                                                                         :

                    Defendants.                     :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      For the reasons stated below, the Court directs the Clerk of Court to seek pro bono counsel to represent Plaintiff in the above-captioned action for settlement purposes or, should settlement not be reached, for trial.

## LEGAL STANDARD

      The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for an indigent litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to

public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. *See* ECF No. 4. Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts several claims under 42 U.S.C. § 1983, against officers from the New York Police Department ("NYPD") relating to an April 29, 2015 traffic stop and subsequent arrest. *See* ECF No. 47 ("SAC"), at 4-6. Several of Plaintiff's claims were dismissed

2

yesterday by Opinion and Order. *See* ECF No. 76 ("Order"), at 10. Plaintiff's remaining claim alleges that two officers unlawfully strip-searched him while he was in their custody at the 6th Precinct of the New York City Police Department. *See* SAC 4-5.

As discussed in the Court's Opinion and Order, the Court finds that Plaintiff's unlawful strip search claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62; *see* Order 8-11. The gravamen of Plaintiff's claim lies in the *where* and *why* the strip search occurred. According to uncontested facts taken from Defendants' Local 56.1 statement and supporting documents, on April 29, 2015, NYPD officers arrested Plaintiff for a misdemeanor traffic violation, transported him to the precinct, and there, the two named defendants strip-searched Plaintiff at the direction of a supervising officer based on little or nothing more than the supervising officer's knowledge that Plaintiff was a "known drug dealer." *See* ECF No. 71-14 ("56.1 Statement"), ¶¶ 6-7, 11-13. Given the Second Circuit's long-standing precedent that there must be an individualized reasonable suspicion to strip-search a misdemeanant, *see Hartline v. Gallo*, 546 F.3d 95, 100 (2d Cir. 2008) (collecting cases), Plaintiff "appears to have some chance of success" as required by *Hodge*, *see* 802 F.2d at 60-61.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. As a former inmate with little legal or otherwise professional experience, Plaintiff demonstrated during the discovery process that he was unable to thoroughly investigate crucial facts. Furthermore, by separate order, the Court referred this matter to the assigned Magistrate Judge for settlement purposes. *See* ECF No. 77. Whether during settlement discussions or trial proceedings, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination" and negotiation. *Hodge*, 802 F.2d at 61.

Given the late stage of the proceedings, the Court will request that counsel appear for both settlement and trial purposes. If counsel elects to represent Plaintiff only for settlement purposes, counsel will file a Notice of Limited Appearance of Pro Bono Counsel. Otherwise, counsel will file a Notice of Appearance of Pro Bono Counsel. Both forms are available at https://nysd.uscourts.gov/forms?field_form_category_target_id=24&title=&sort_by=title.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Should pro bono counsel elect to represent Plaintiff for the limited purposes of settlement, pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond settlement. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that Defendants file a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of settlement. The Court will consider expanding the appearance for all purposes later in the case.

Should pro bono counsel elect to represent Plaintiff for both settlement and trial purposes, pro bono counsel will be obligated for all aspects of Plaintiff's representation as described in this order. Once the commitment is made, the Court will not consider limiting the appearance later in the case.

**CONCLUSION**

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case pro se.

If Plaintiff does not want the Court to seek counsel to represent him, he must inform the Court by **Friday**, **December 20, 2019**. If Plaintiff has already found a volunteer attorney to represent him, the Court requests that Plaintiff's counsel so inform the Court immediately and contact the assigned Magistrate Judge to schedule a settlement conference to occur as soon as possible, pursuant to ECF No. 77.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff.

SO ORDERED.

Dated: December 4, 2019
      New York, New York
                                        JESSE M. FURMAN
                                      United States District Judge