UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
               :
OMAR MINUS,                                         :

                    Plaintiff,        :      17-CV-4623 (JMF)

     -v-                                             :
               :      <u>MEMORANDUM OPINION</u>
OFFICER BRIAN BENVENUTO, SHIELD NO. 23866; :      <u>AND ORDER</u>
and OFFICER JOSEPH TENNARIELLO, SHIELD NO. :
12821,                                             :

                  Defendants.     :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On April 3, 2020, the Court granted the request of Defendants Brian Benvenuto and Joseph Tennariello to file a second motion for summary judgment seeking to dismiss the sole surviving claim in this case — Plaintiff Omar Minus's claim that he was unlawfully strip searched — on the basis of qualified immunity. *See* ECF No. 87. The Court did so, notwithstanding the fact that Defendants had previously moved for summary judgment without having raised the issue of qualified immunity because, as a result of the COVID-19 situation, "this case will not be tried for many months" and based on its conclusion that allowing a second motion was "in the interests of justice." *Id.* Thereafter, Defendants filed their motion, arguing that they are entitled to qualified immunity because they conducted the strip search at issue at the direction of a superior officer. *See* ECF No. 91, at 7-9.

      The law in this Circuit is clear that "[p]lausible instructions from a superior or fellow officer support qualified immunity where, viewed objectively in light of the surrounding circumstances, they could lead a reasonable officer to conclude that the necessary legal

justification for his actions exists (e.g. a warrant, probable cause, exigent circumstances)." *Anthony v. City of New York*, 339 F.3d 129, 138 (2d Cir. 2003) (Sotomayor, J.).  Less clear is the state of the factual record in this case, as Defendants did not file declarations in support of their motion, and they were not deposed during discovery.  As a result, it is difficult, if not impossible, to determine what the relevant "surrounding circumstances" were — let alone whether they could have led "a reasonable officer to conclude that the necessary legal justification" for a strip search of Minus "exist[ed]."  *Id.*; *accord Sorensen v. City of New York*, 42 F. App'x 507, 511 (2d Cir. 2002) (summary order) ("Although it is true that low-level employees have been granted qualified immunity where they followed orders promulgated by their superiors, immunity has been granted only when the orders were facially valid.").

In light of the foregoing, the Court concludes that it is in the interests of justice to reopen discovery for the limited purpose of allowing Minus to take depositions of Defendants.[1]  The depositions are limited to three hours each and shall be completed by **November 20, 2020**.  Unless the parties agree or the Court (upon proper letter motion) orders otherwise, the depositions shall be conducted remotely by videoconference in light of the COVID-19 situation.  No later than **December 11, 2020**, the parties shall file supplemental briefs (and, if appropriate, supporting papers) addressing the impact, if any, of the depositions on the pending motion.

SO ORDERED.

Dated: October 28, 2020
        New York, New York

JESSE M. FURMAN
United States District Judge

---

[1]  The Court concludes that it has authority to do so pursuant to either or both Subsection (d)(2) or Subsection (e)(4) of Rule 56 of the Federal Rules of Civil Procedure.  To be sure, Minus did not file a Rule 56(d) declaration.  But that may well have been based on a misimpression by counsel — who agreed to take this matter on *pro bono*, at the Court's request, after discovery had closed and the Court had ruled on Defendants' first summary judgment motion — that the Court would not consider reopening discovery.