UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                        :

OMAR MINUS,                          :

                                :

                         Plaintiff,         :           17-CV-4623 (JMF)

                                :

          -v-                       :

                                :      MEMORANDUM OPINION

OFFICER BRIAN BENVENUTO, SHIELD NO. 23866;  :        AND ORDER

and OFFICER JOSEPH TENNARIELLO, SHIELD NO.  :

12821,                            :

                                :

                     Defendants.      :

                                :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, familiarity with which is presumed, Plaintiff Omar Minus has one remaining

claim: that, on April 29, 2015, he was subjected to an unlawful strip search by Defendants Brian

Benvenuto and Joseph Tennariello, officers with the New York City Police Department. *See*

*Minus v. Spillane*, No. 17-CV-4623 (JMF), 2019 WL 6498258, at *4 (S.D.N.Y. Dec. 3, 2019)

(ECF No. 76). By Order dated April 3, 2020, the Court allowed Benvenuto and Tennariello to

file a second motion for summary judgment based on qualified immunity. *See* ECF No. 87.

Thereafter, Defendants filed their motion, arguing that they are entitled to qualified immunity

because they conducted the strip search at issue at the direction of a superior officer. *See* ECF

No. 91, at 7-9. By Memorandum Opinion and Order dated October 28, 2020, the Court

exercised its discretion to reopen discovery for the limited purpose of allowing Minus (who is

now represented by counsel) to depose Defendants, noting that the record relevant to the

qualified immunity analysis was undeveloped. *See* ECF No. 102. The parties, having completed

the depositions, have now filed supplemental submissions. *See* ECF Nos. 107-10.

Summary judgment is appropriate where the admissible evidence and the pleadings demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam).  The moving parties — here, Defendants — bear the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  More broadly, they must "come forward with evidence on each material element of [their] claim or defense, demonstrating that [they are] entitled to relief."  *Isaac v. City of New York*, 701 F. Supp. 2d 477, 485 (S.D.N.Y. 2010).  They may not "rely on conclusory allegations or unsubstantiated speculation to support" their motion.  *Johnson v. City of New York*, No. 11-CV-4435 (AT) (JCF), 2014 WL 3579796, at *2 (S.D.N.Y. July 18, 2014) (internal quotation marks omitted).  Moreover, in evaluating whether the moving parties have carried their burden and are entitled to summary judgment, the Court must view the evidence "in the light most favorable to the non-moving party," *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

As noted, Defendants move for summary judgment on the ground that they are entitled to qualified immunity, which shields a law enforcement officer "from liability for damages if his 'conduct d[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Outlaw v. City of Hartford*, 884 F.3d 351, 366 (2d Cir. 2018) (alteration in original) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)).  Significantly, "[q]ualified immunity is an affirmative defense on which the defendant has the burden of proof."  *Id.* at 367 (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980)).

Thus, it is Defendants' "burden [to] demonstrat[e] . . . that it was reasonable, as a matter of law, for defendants to take the actions that plaintiff alleges they took." *Tellier v. Fields*, 280 F.3d 69, 84 (2d Cir. 2000).  Here, that means that it is Defendants' burden to demonstrate that they received "[p]lausible instructions from a superior or fellow officer" that, when "viewed objectively in light of the surrounding circumstances, . . . could lead a reasonable officer to conclude that the necessary legal justification for his actions exist[ed]."  *Anthony v. City of New York*, 339 F.3d 129, 138 (2d Cir. 2003) (Sotomayor, J.) (internal quotation marks omitted); *accord Varrone v. Bilotti*, 123 F.3d 75, 81 (2d Cir. 1997) (holding that defendant officers were not required "independently to investigate the basis for the *apparently valid* order they received" (emphasis added)); *Sorensen v. City of New York*, 42 F. App'x 507, 511 (2d Cir. 2002) (summary order) ("Although it is true that low-level employees have been granted qualified immunity where they followed orders promulgated by their superiors, immunity has been granted only when the orders were facially valid.").

Defendants fail to carry their burden for one simple reason: They do not remember anything about the incident whatsoever.  ECF No. 110-2, at 18, 20-21, 24, 30-31; ECF No. 110-3, at 11, 16, 20.[1]  Their lack of memory may or may not be noteworthy; after all, the incident at issue did take place more than five and a half years ago and, to Defendants, it may have simply been a routine arrest.  But whatever the reason, the result is a complete absence of "evidence" with respect to a "material element" of their defense, *Isaac*, 701 F. Supp. 2d at 485, namely, that the order they allegedly received from their superior officer (the fact of which was recorded in another officer's memo book, ECF No. 71-4, at 5) was — when viewed objectively in light of

---

[1]      For ease of reference, the page references for ECF Nos. 110-2 and 110-3, and for ECF Nos. 71-4 and 98-2 cited below, are to the pagination in the ECF system.

the surrounding circumstances — "[p]lausible," *Anthony*, 339 F.3d at 138, "apparently valid," *Varrone*, 123 F.3d at 81, or "facially valid," *Sorensen*, 42 F. App'x at 511.  On top of that, there is at least some evidence in the record from which a jury could conclude — if, in fact, it concludes that the strip search was unlawful — that a reasonable officer in Defendants' position could not have concluded that the necessary legal justification for a strip search existed.  Most notably, Minus testified that Defendants participated in the search of his car after he was stopped (a search that yielded nothing) and that, when Defendants took him to be strip searched, he protested because he had been arrested for "a non-felony offense."  ECF No. 98-2, at 8, 16-17.

Accordingly, Defendants' renewed motion for summary judgment with respect to the strip search claim is DENIED.  The Court remains of the view that this case should settle given, among other things, that any damages would likely be small and that, due to the COVID-19 situation, it may be many months before trial can be held.  But given that the parties tried and failed to settle the matter after the Court's ruling on Defendants' first motion for summary judgment, the parties shall, in accordance with the Court's Individual Rules and Practices for Civil Cases, file their proposed Joint Pretrial Order and other pretrial submissions **within two months of the date of this Memorandum Opinion and Order**.  After the parties file their pretrial materials, the Court will issue an order addressing the timing of any trial.

SO ORDERED.

Dated: December 23, 2020
      New York, New York

JESSE M. FURMAN
United States District Judge